UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

GREAT AMERICAN INSURANCE COMPANY,
a New York corporation,

      CASE #:

    Plaintiff,
vs.

FEDERAL INSURANCE COMPANY,
an Indiana corporation, as subrogee of
and on behalf of Solutions, Inc., and
GOVAN MARINE CO., INC., a Florida
Corporation,

    Defendants.
_____/

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, GREAT AMERICAN INSURANCE COMPANY, ("Great American"), through its undersigned counsel, sues Defendants, FEDERAL INSURANCE COMPANY, an Indiana corporation, as subrogee of and on behalf of Solutions, Inc., ("Federal") and GOVAN MARINE CO., INC., ("Govan"), for declaratory and other relief and alleges as follows:

### Jurisdiction and Venue

1.    This is an action for declaratory relief pursuant to 28 U.S.C. Section 2201.

2.    This Court has jurisdiction pursuant to 28 U.S.C. Section 1332(a)(1) based on the diversity of the citizenship of the parties and the provisions of the Federal Declaratory Judgment Act to declare the rights and obligations of the parties under a policy of insurance.

3. The amount in controversy is in excess of this Court's minimum jurisdictional amount of $75,000, exclusive of interest, costs and attorneys' fees.

4. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. Sections 1391(a) and 1391(c), because the present claim for declaratory relief arose in this district. Additionally, the underlying lawsuit which gives rise to this coverage dispute was filed and is presently pending in this district.

5. All conditions precedent to the filing of this action have occurred, have been complied with or compliance with such conditions has been excused.

## Parties

6. At all times material to this action, Plaintiff, Great American, was a New York corporation with its principal place of business in Cincinnati, Ohio.

7. At all times material to this action, Defendant, Federal, was an Indiana corporation and was the insurer of a 1995, 110 foot Broward motor yacht known as M/V "Solutions."

8. At all times material to this action, Defendant, Govan, was a Florida corporation with its principal place of business in Pompano Beach, Florida.

## Great American's Policy

9. On or about July 3, 2009, Govan submitted an application for liability insurance to Great American.

10. Based upon information provided by Govan on its application and during the underwriting process, Great American issued to Govan policy number OMH4956999 00 with effective dates of coverage of July 6, 2009 to July 6, 2010. A copy of Great American's policy is attached hereto as **Exhibit A**.

11. The subject Great American policy contained the following provision pertaining to cancellation:

### MARINE CRAFTMASTER SHIP REPAIRERS LIABILITY CLAUSES

> 8. This Policy may be cancelled either by the Company or by the Insured giving 10 days' written or telegraphic notice to the other. Notice by the Company may be sent to the Insured's last known address, or in the care of the broker who negotiated the placement of this Policy or the broker of record at the time the aforesaid notice is given.

12. Subsequent to the issuance of the subject policy Great American learned that the information provided by Govan regarding its operations contained material misrepresentations. Based upon additional information obtained by Great American regarding Govan's operations, Great American made a determination to cancel the subject policy for underwriting reasons.

13. On August 20, 2009, in accordance with the policy's cancellation provision, Great American sent to Govan a Notice of Cancellation canceling the subject policy as of September 3, 2009. The Notice of Cancellation was sent to Govan by certified mail. A copy of Great American's Notice of Cancellation together with the certified mail receipt are attached hereto as composite **Exhibit B**. According to the Notice of Cancellation, the stated reason for cancellation was "Material Change in Risk."

### The M/V Solutions Claim and the *Federal* action

14. On or about September 16, 2009, Govan rigged a raw water supply for the air conditioning system for M/V Solutions.

15. On or about September 17, 2009, the raw water supply plumbing installed by Govan failed, flooding the interior of M/V Solutions and causing damage to the yacht's interior.

16. On October 26, 2010, Federal filed an action in this Court styled *Federal Insurance Co., as subrogee of and on behalf of Solutions, Inc. v. Govan Marine, Co. Inc.*, Case #

0:10-CV-62063-JIC. (*Federal* action).  A copy of the complaint from the *Federal* action is attached hereto as **Exhibit C**.  The *Federal* complaint alleged that the flooding of M/V Solutions was "directly and proximately caused by the negligence and/or faulty workmanship of Govan Marine and/or its agents and employees in failing to properly install, monitor and/or maintain the raw water supply for the vessel's air conditioning system." (Par. 10, *Federal* Complaint)

17. At no time did Govan report to Great American either the original occurrence involving M/V Solutions or the lawsuit which was filed against it by Federal.

18. On December 22, 2010 a Clerk's Default was entered against Govan in the *Federal* action.

19. On March 31, 2011 Final Default Judgment was entered against Govan in the *Federal* action in the amount of **$1,513,611.70**.  A copy of the Final Judgment from the *Federal* action is attached hereto as **Exhibit D**.

20. Federal has made a demand against Great American for payment of $1,000,000, which represents the limits of Great American's policy number OMH4956999 00, as partial satisfaction of the judgment obtained against Govan.

### Count I – Claim for Declaratory Relief (Cancellation)

21. Plaintiff, Great American, realleges paragraphs 1 through 20 as if fully set forth herein.

22. It is the position of Great American that the subject Great American's policy was properly and effectively cancelled by the Notice of Cancellation of August 20, 2009 in accordance with the terms of the policy.

23. It is the position of Great American that on September 17, 2009, when the underlying loss involving M/V Solutions allegedly occurred, Great American's policy was no longer in effect.

24. Accordingly, it is the position of Great American that the subject Great American policy does not afford coverage for any claims asserted by Federal against Govan.

25. Plaintiff, Great American, is in doubt as to its rights, duties and obligations in regards to the subject policy of insurance.

26. An actual, present and justiciable controversy exists between Plaintiff, Great American, and Defendants warranting the entry of declaratory judgment by this Court.

WHEREFORE, Plaintiff, GREAT AMERICAN INSURANCE COMPANY, respectfully requests this Court to enter judgment declaring that:

(a) Great American's Policy Number OMH4956999 00 was not in effect on or about September 17, 2009 when the underlying loss involving M/V Solutions allegedly occurred; and

(b) Great American is not liable under Policy Number OMH4956999 00 for any damages awarded against Govan in the *Federal* action.

(c) Plaintiff further requests an order awarding the Plaintiff its costs of this action and such other and further relief as the Court deems appropriate.

### Count II – Claim for Declaratory Relief (Misrepresentation)

27. Plaintiff, Great American, realleges paragraphs 1 through 20 as if fully set forth herein.

28. Alternatively, even if the Court determines that the subject Great American policy had not been cancelled prior to September 17, 2009, it is the position of Great American that the claim asserted against Govan is not covered as result of Govan's material misrepresentation when applying for Great American's policy.

29. Accordingly, it is the position of Great American that the subject Great American policy does not afford coverage for any claims asserted by Federal against Govan.

30. Plaintiff, Great American, is in doubt as to its rights, duties and obligations in regards to the subject policy of insurance.

31. An actual, present and justiciable controversy exists between Plaintiff, Great American, and Defendants warranting the entry of declaratory judgment by this Court.

WHEREFORE, Plaintiff, GREAT AMERICAN INSURANCE COMPANY, respectfully requests this Court to enter judgment declaring that:

(a) Great American's Policy Number OMH4956999 00 is void as a result of Govan material misrepresentations; and

(b) Great American is not liable under Policy Number OMH4956999 00 for any damages awarded against Govan in the *Federal* action.

(c) Plaintiff further requests an order awarding the Plaintiff its costs of this action and such other and further relief as the Court deems appropriate.

Dated 20th May, 2011

LITCHFIELD CAVO LLP
*Attorneys for Great American Ins. Co.*
Radice Corporate Center
600 Corporate Drive
Suite 600
Fort Lauderdale, Florida 33334
(954) 689-3000 – Office
(954) 689-3001 – Facsimile

By: *Gary Khutorsky*
Gary Khutorsky, Esq.
Florida Bar No.: 814271